IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**AYASHA MIMS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 3:22-cv-1437

**RA SUSHI ADDISON CORP.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Ayasha Mims ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Lydia Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Ra Sushi Addison Corp., states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"),

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay wages under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Plaintiff performed work for Defendant within the Dallas Division of the Northern District of Texas and the acts and omissions complained of herein occurred in this venue. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident of Dallas County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Corporate Creations Network, Inc., at 5444 Westheimer, Suite 1000, Houston, Texas 77056.

### IV.   FACTUAL ALLEGATIONS

9. Defendant owns and operates restaurants throughout the United States, including Dallas which is where Plaintiff was employed.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13. Defendant employed Plaintiff as an hourly-paid Server from December of 2021 until May of 2022.

14. Defendant also employed other hourly-paid Servers within the three years preceding the filing of this lawsuit.

15. At all relevant times herein, Defendant directly hired hourly-paid Servers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

16. Plaintiff and other Servers recorded their hours worked via Defendant's electronic time keeping system.

17. Defendant pays its Servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

18. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

19. Plaintiff and other Servers performed both duties that generated tips, such as serving food to customers ("tipped work"), and duties that did not generate tips, such as rolling silverware, cleaning, stocking supplies and light food prep ("non-tipped work").

20. Defendant regularly scheduled Plaintiff and other Servers to work either an opening shift (which required approximately one hour of non-tipped work to open the restaurant) or a closing shift (which required approximately one hour of non-tipped work to close the restaurant).

21. Plaintiff and other Servers also worked mid-day shifts which did not require them to open or close the restaurant, but Defendant nevertheless required them to perform approximately 30 minutes of "cut work" at the end of their shift.

22. Plaintiff and other Servers regularly performed non-tipped duties for a substantial amount of time (more than 30 continuous minutes), and Defendant took a tip credit for that time in violation of 29 C.F.R. § 531.56(f)(4).

23. Additionally, during some shifts, there were so few customers in the restaurant that Plaintiff and other Servers spent additional time on non-tipped work and spent more than 20% of their shift completing non-tipped work.

24. Defendant did not distinguish between time spent by Plaintiff and other Servers on tipped work and time on non-tipped work.

25. Defendant paid Plaintiff and other Servers the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

26. As a result of the policies put in place by Defendant, Plaintiff and other Servers were often required to perform non-tipped work for less than minimum wage.

27. Plaintiff and other Servers are entitled to wages and compensation based on the applicable minimum wage for all hours worked.

28. Defendant knew or should have known that it was not paying Plaintiff and other Servers the applicable minimum wage for all hours worked.

29. Plaintiff was required to share her tips with Defendant's other employees who did not customarily receive tips within the meaning of 29 C.F.R. § 531.56.

30. Specifically, Plaintiff was required to share a percentage of her sushi sales with Defendant's Sushi Chefs, a percentage of her food sales with Defendant's Bussers, and a percentage of her alcohol sales with Defendant's Bartenders.

31. Other Servers were also required to share their tips in the same manner as Plaintiff.

32. Defendant's Sushi Chefs do not customarily receive tips as defined in 29 C.F.R. § 531.56.

33. Defendant therefore required Plaintiff and other Servers to participate in an illegal tip pool.

34. Defendant knew or should have known that it withheld tips from Plaintiff and other Servers in violation of the FLSA.

35. Plaintiff occasionally worked hours over 40 in a week.

36. Other Servers also occasionally worked over 40 hours in a week.

37. During weeks Plaintiff and other Servers worked over 40 hours, they did not receive a sufficient overtime premium due to the hours they worked below the applicable minimum wage performing non-tipped duties.

38. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Servers of a lawful minimum wage, overtime premiums and all earned tips in violation of the FLSA.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

Case 3:22-cv-01437-S    Document 1    Filed 07/01/22    Page 6 of 11    PageID 6

## V.    REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wages for all hours worked up to forty in any week;

    B.    Overtime premiums for all hours worked over forty hours in any week;

    C.    Unpaid tips;

    D.    Liquidated damages; and

    E.    Attorney's fees and costs.

41. Plaintiff proposes the following collective under the FLSA:

**All Servers within the past 3 years.**

42. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

43. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

B. They had substantially similar job duties and responsibilities;

C. They were paid below minimum wage;

D. They received tips;

E. They were not allowed to keep all of their tips; and

F. They were required to spend more than 30 continuous minutes per shift performing non-tipped duties.

45. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 30 persons.

46. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

47. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

48. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

52. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

53. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

54. Defendant failed to pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

55. Defendant failed to pay Plaintiff all of the tips she earned.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

64. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

65. Defendant failed to pay Plaintiff and similarly situated employees a lawful minimum for all hours worked.

66. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for hours worked over 40 in a week.

67. Defendant failed to pay Plaintiff and similarly situated employees all the tips they earned.

68. Defendant knew or should have known that its actions violated the FLSA.

69. Defendant's conduct and practices, as described above, were willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ayasha Mims, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**AYASHA MIMS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Lydia Hamlet*
Lydia Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com